

**U.S. Department of Justice**

*Consumer Protection Branch*
*United States Department of Justice*

---

CBD/JWB/AFE/REB
F. #2016R00349

*450 5th St. NW*
*Washington, D.C. 20001*

May 23, 2023

<u>By ECF and Email</u>

The Honorable Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *United States v. Patrice Runner*
          <u>Criminal No. CR 18-578 (JS)</u>

Dear Judge Seybert:

Consistent with the Court's March 29, 2023 Scheduling Order, the parties hereby jointly submit their proposed jury instructions. In the joint proposed jury instructions, changes proposed by defense counsel on which the parties disagree, including the parties' comments on those disagreements, have been highlighted using the Microsoft Word "Tracked Changes" and "Comments" functions.

Respectfully submitted,

By:     _____/s/_____
          Ann Entwistle
          Charles B. Dunn
          John W. Burke
          Rachel E. Baron
          Trial Attorneys, Consumer Protection Branch
          United States Department of Justice
          (202) 305-7227

Enclosures
cc:     James Darrow, Esq. (by ECF and Email)
          Charles Millioen, Esq. (by ECF and Email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against –                            18-CR-578 (JS)

PATRICE RUNNER

                Defendants.


**<u>THE PARTIES' REQUESTS TO CHARGE</u>**


Charles B. Dunn
John W. Burke
Ann Entwistle
Rachel E. Baron
Trial Attorneys, Consumer Protection Branch
United States Department of Justice

1

<u>THE JOINT REQUEST TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the prosecution and defense respectfully request that the Court provide the following in its instructions to the jury:[1]
==[any defense disagreements are marked in "tracked changes"]==

Now that the evidence in this case has been presented, and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts.

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in the indictment; that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt.

And, third, I will give you some general instructions and rules regarding your deliberations.

---

[1] The government's proposed jury charge, unless otherwise noted, is adapted from the charge given by the Honorable Joan M. Azrack in the Transcript of <u>United States v. Sean Novis and Gary Denkberg</u>, 20-CR-335 (JMA) (May 13, 2022).

2

**PART I: GENERAL RULES**

    1.    <u>The Duties of the Jury</u>

To begin with, it is your duty to find the facts from all of the evidence in this case.  You are the sole judges of the facts and it is, therefore, for you and you alone to pass upon the weight of the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

To the facts as you find them, you must apply the law in accordance with my instructions. While the lawyers may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you. You may not follow some and ignore others.

3

2.  <u>Parties are equal before the court</u>

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendant is entitled to. By the same token, it is entitled to no less consideration.  The parties - the United States Government and the defendant - are equal before this court, and they are entitled to equal consideration.

Neither the government nor the defendant are entitled to any sympathy or favor.

4

3.      Presumption of Innocence and Burden of Proof

You must remember that the indictment in this case is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven the defendant guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with the defendant even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

5

4.    <u>Proof Beyond a Reasonable Doubt</u>

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied that the defendant's guilt has been proven beyond a reasonable doubt, you should vote to convict.

6

5.      The Evidence

I wish to instruct you now as to what is evidence and how you should consider it.

A.      What is evidence:

The evidence upon which you are to decide what the facts are comes in several forms:

(1)      Sworn testimony of witnesses, both on direct and cross-examination;

(2)      Exhibits that have been received in evidence by the court; and

(3)      Facts to which the lawyers have agreed or stipulated.

B.      What is not evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the

facts are:

(1)      The contents of the indictment are not evidence;

(2)      Arguments or statements by lawyers are not evidence;

(3)      Questions put to the witnesses are not evidence;

(4)      Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence

should not be received. You should not be influenced by the objection or by the court's ruling on

it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the

answer like any other answer. If I told you to disregard certain testimony or sustained a lawyer's

request to disregard or strike certain testimony, you are to disregard the testimony.

(5)      What I say in these instructions is not evidence.

(6)      If evidence has been received for a limited purpose, you must consider that

          evidence for that limited purpose only.

7

(7)   Obviously, anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof regardless of who the defendant is.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

C.   <u>Direct and Circumstantial evidence</u>

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations.

There are, in addition, different kinds of evidence - direct and circumstantial.

(1)   <u>Direct evidence</u> is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct. What remains is your responsibility to pass upon the credibility of that witness.

8

(2)    Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" - or the expression "to draw an inference" - means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, none of us can testify directly to that fact sitting, as we are, here in this windowless courtroom.  Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

The law makes no distinction between direct and circumstantial evidence. You may consider both. What the law does require is that before any defendant is convicted of a crime, a jury must be satisfied of that defendant's guilt beyond a reasonable doubt based on the jury's assessment of all of the evidence in the case.

I remind you once again that you may not convict a defendant unless you are convinced of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

9

D.    <u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you find the evidence and argument presented by the other side to be more persuasive.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

10

6.  <u>Rulings by the Court</u>

My next instruction relates to the rulings and statements that I made during the course of this trial.  I hereby instruct you that nothing that I said during the course of the trial, no question that I have asked, no ruling that I have made, and no statement that I may make in this charge, should be interpreted in any way whatsoever as a suggestion of what decision I believe you should make.  You should understand that I have no opinion as to the decision you should make in this case.

You will remember that at various times throughout the trial, I have been called upon to make rulings on various questions of law. I have sustained objections and I have overruled objections.  Please do not concern yourself with my reasons for making the rulings that I made. These are purely legal matters and must not affect your deliberation on the factual matters in this case.  Nor are you to draw any inferences for or against a party because that party raised objections during the course of the case. It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not hold it against an attorney – or the defendant – either because the attorney has made objections, or because some of those objections may have been overruled by me.

When the Court has sustained an objection to a piece of evidence or a question addressed to a witness, you must disregard it entirely and may draw no inference from it or speculate as to what the witness would have said if he or she had been permitted to answer the question. Similarly, if after a question was asked and an answer given, the answer was ordered stricken from the record, you must disregard both the answer and the question.

You are further instructed that with respect to every situation where testimony has been stricken, the reason for that ruling relates to a matter of law which is no concern of yours and not for your consideration.  Once stricken, such testimony must be disregarded and ignored.  The reasons for my striking such testimony should not be discussed among you, nor should you speculate or guess about the basis for my ruling.  By the same token, where I allowed testimony or exhibits to be received into evidence over the objection of counsel, this was not an indication that I have any opinion as to the weight or effect of such evidence.  That is for you to decide.

In reaching your verdict, you also are not to concern yourselves in any way with the conferences which sometimes took place at the side bar between the Court and counsel for the parties, nor are you to draw any inferences for or against any party because that party may have requested such a conference.

You also must not draw any conclusion whatsoever from the fact that from time to time I may have asked questions of witnesses. This was solely to elicit facts which may or may not be material to your determination.

Remember that, in making your determination as to the facts, you should rely upon your own recollection of the evidence.  What I said from time-to-time during the course of the trial, or what I say in the charge that I am now giving you, should not be taken in place of your own recollection of the evidence in this case.

12

7.      <u>Witness Credibility – General Instruction</u>

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  You may believe all of what a witness said, or only a part of it, or none of it.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, their memories, motivations, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or

13

her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness — consciously or not — to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size up a person in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

14

8.      Preparation of Witnesses

You have heard during the trial that the witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

But, you may consider the fact or the nature of the witness's preparation for his or her testimony, and what inferences you draw from such preparation are matters completely within your discretion when weighing the witness' credibility.

15

9.      Interest in Outcome

In evaluating credibility of the Government's witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates, at least potentially, a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

16

10.    <u>Bias and Hostility</u>

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger, which some government witnesses may have toward the defendant.

Evidence that the witness is biased, prejudiced or hostile towards the defendant requires you to view the witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

17

11.    Credibility – Prior Inconsistent Statements (if applicable)

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony.  Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with this trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

You may also consider a witness's failure to mention a critical fact when that witness was first interviewed.  The omission of a material fact from an earlier statement may be relevant to your evaluation of the witness's credibility.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part or none of the witness' testimony.

12.     <u>Law Enforcement Witnesses</u>

You have heard testimony of law enforcement officers and government employees. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to question the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

13.   Testimony Pursuant to a Plea Agreement[2] (*If applicable*)

In this case, there has been testimony from Maria Thanos, Philip Lett, and Daniel Arnold, government witnesses who pled guilty to charges after entering into an agreement to cooperate with the government. You have heard evidence that the government agreed not to prosecute these individuals on other charges in exchange for their agreement to plead guilty and testify at this trial. The government also promised to bring their cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict a defendant based on this testimony alone, if it convinces you of the defendants' guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than an ordinary witness. A witness who realizes that he or she may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine this testimony with caution and weigh it with great care. If after scrutinizing this testimony you decide to accept it, you may give it whatever weight, if any, you find that it deserves.

Moreover, I instruct you that you are to draw no conclusions or inferences of any kind about the guilt of any of the defendants on trial from the fact that a prosecution witness pled guilty to similar charges. That witness's decision to plead guilty was a personal decision about

---

[2] This charge is adapted from the charge given by the Honorable Joan M. Azrack in United States v. Edward Weaver, 13-CR-120 (JMA), ECF Doc. No. 318, filed Nov. 4, 2015.

his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to

the defendants on trial here.

14.      ==Defendant's Testimony== *(if applicable)*[3]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any other witness.

OR

14.      ==Defendant's Right Not to Testify== *(if applicable)*

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to  prove a defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

---

[3] This charge is adapted from the charge given by the Honorable Joseph F. Bianco in United States v. Michael Belfiore, 15-CR-242 (S-2) (JFB), ECF Doc. No. 180, filed May 11, 2018.

15.    ==Uncalled Witnesses Equally Available== *(if applicable*)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, ==and one or more of the attorneys has referred to their absence from the trial==. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. You should remember that the Government maintains the burden of proving its case at all times.

16.    <u>Dates Approximate</u>

In alleging dates, the indictment frequently charges "on or about," and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense. The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the date established by the testimony or exhibits are substantially similar.

24

17.     Acts and Statements of Co-Conspirators

The government alleges that the defendant was a member of two conspiracies. Under the law, the reasonably foreseeable acts and statements of one member of a conspiracy are treated as the acts and statements of all other members of the conspiracy, if the acts and statements are made during the existence of the conspiracy and in furtherance of the goals of the conspiracy. It is the jury's function to determine whether the evidence, including the co-conspirators' statements, is credible and convincing. The burden of proving beyond a reasonable doubt that a conspiracy existed and that the defendant was a member of that conspiracy remains with the government.

Therefore, if you find, beyond a reasonable doubt, that the defendant intentionally joinedwas a member of a conspiracy, you may consider against the defendant acts and statements of other members of that conspiracy if you also conclude the government has established beyond a reasonable doubt that the relevant act or statement theywasere (a) reasonably foreseeable to the defendant, (b) made during the existence of the conspiracy, and (c) made in furtherance of the goal of the conspiracy. If those elements are established, yYou may consider suchthese acts and statements against the defendant even if they were made in the defendant's absence and without his knowledge.

> **Commented [CM1]:** 1 Modern Federal Jury Instructions-Criminal P 19.01
>
> **Commented [EAF2R1]:** We do not accept the other edits to this paragraph as they are redundant – the existing language already sets out that they must find the defendant was a member of the conspiracy beyond a reasonable doubt, and that the acts and statements must be reasonably forseeable

18.     Stipulations of Fact *(if applicable)*[4]

The attorneys for the United States and the attorneys for the defendant have entered into stipulations concerning certain facts that are relevant to this case.

A stipulation of fact is simply an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.  However, what weight to give those facts is entirely up to you.  You are the sole judges of the facts and you decide what weight to give to those facts.

---

[4] Adapted from Modern Federal Jury Instructions, Instruction 5.02.

26

19.    ==Stipulations of Testimony – (*if applicable*)==[5]

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given that testimony.

---

[5] Adapted from Modern Federal Jury Instructions, Instruction 5.02.

20.   Charts and Summaries (FRE 1006 Exhibits)[6]

Certain charts and summaries offered by the government and the defendant were admitted as evidence. You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence. [However, the accuracy/authenticity of those charts/summaries has been challenged (*if applicable*)]. You must decide how much weight, if any, you will give to them. In making that decision, you should consider the testimony or other evidence you heard about the way in which the charts and summaries were prepared.

---

[6] Adapted from Third Circuit, Criminal Jury Instruction § 4.11; Eighth Circuit, Criminal Jury Instruction § 4.12.

21.    Judicial Notice[7] *(if applicable)*

I have taken judicial notice of certain facts that I believe are not subject to reasonable dispute.  I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to, agree that these facts are true.

---

[7] This proposed jury instruction was adapted from Modern Federal Jury Instructions, Instruction 5.02.

22.      Similar Acts – Intent, Knowledge, Absence of Mistake (if applicable) [8]

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

---

[8] Adapted from Modern Federal Jury Instructions, Instruction 5.10.

30

23.    <u>Evidence Regarding Defendant's Lifestyle</u>

In this case, the government has presented evidence regarding the defendant's lifestyle and personal spending. I instruct you that you should consider evidence regarding the defendant's lifestyle and personal spending only to the extent that you find it relevant to the question of the defendant's motive, plan, knowledge of the object of a scheme or intent to commit the crimes charged in the indictment. You may not consider this evidence for any other purpose.

**Commented [EAF3]:** Proposed instruction on wealth/lifestyle pursuant to the Court's April 26th, 2023 Order, Docket 59, Section C. For the record, defense counsel notes their continuing objection to the admissibility of this type of evidence.

**PART II: LEGAL ELEMENTS OF CHARGED CRIMES**

I will now turn to the second part of this charge - and I will, as I indicated at the outset, instruct you as to the legal elements of the crimes charged in the indictment. That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

**Summary of the Indictment**

In order to place my instructions in context, I will start by giving you a summary of the crimes charged. They are stated in the indictment. The indictment is not evidence; rather, it is simply the instrument by which the charges are brought. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendants. To the contrary, the defendants are presumed innocent until proven guilty beyond a reasonable doubt.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment.

And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the indictment. The indictment contains eighteen counts, or separate charges or offenses. They are numbered Counts One through Eighteen. You must consider each count separately and return a verdict based only upon the evidence as it relates to that specific count.

The eighteen counts, in sum, charge the defendant, Patrice Runner, with conspiracy to commit mail fraud and wire fraud, mail fraud, wire fraud, and conspiracy to commit money laundering. I have summarized the counts in the indictment simply to give you an overview of the charges. I will now explain to you the law that applies to each of the counts in the indictment.

32

**COUNTS TWO through THIRTEEN – Mail Fraud and**
**COUNTS FOURTEEN through SEVENTEEN – Wire Fraud[9]**

Because the conspiracy charged in Count One depends on the law concerning mail fraud

and wire fraud, I will begin with the mail fraud and wire fraud counts.

Counts Two through Thirteen of the Indictment allege that Patrice Runner committed

mail fraud. The mail fraud statute is section 1341 of Title 18 of the United States Code. That

statute states:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises . . . for
> the purpose of executing such scheme or artifice . . . , places in any
> post office or authorized depository for mail matter, any matter or
> thing whatever to be sent or delivered by the Postal Service, or
> deposits or causes to be deposited any matter or thing whatever to
> be sent or delivered by any private or commercial interstate carrier
> . . . or knowingly causes to be delivered by mail or such carrier
> according to the direction thereon . . . any such matter or thing,
> shall be [guilty of a crime].

---

[9] This charge and the charges that follow, unless otherwise noted, are adapted from those given by the Honorable Joan M. Azrack in United States v. Edward Weaver, 13-CR-120 (JMA), ECF Doc. No. 318, filed Nov. 4, 2015. The charge is adapted from Sand et al., Modern Federal Jury Instructions, Instructions 44-2 through 44-6, except that references to the "willfullness" standard of intent have been removed in order to conform to Second Circuit precedent.  *See United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) ("The specific intent required under the mail fraud statute is the intent to defraud, and not the intent to violate a statute.") (internal citation omitted); *United States v. Gole*, No. 97-CR-28 (ERK), 1997 U.S. Dist. LEXIS 22758, at *19 (E.D.N.Y. Sep. 24, 1997) (recognizing that Sand's inclusion of "willfully" language in mail fraud instruction is erroneous); *United States v. Middendorf*, No. 18-CR-36 (JPO), 2019 U.S. Dist. LEXIS 153287, at *24 (S.D.N.Y. Sep. 9, 2019) ("Sand's willfulness instruction is at least misleading and likely incorrect").

Regarding gullible victims, see *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) ("We therefore reject [defendant's] argument that the foolishness of [victim's] belief in [defendant's] fraudulent scheme somehow vitiates [defendant's] fraudulent intent. We refuse to accept the notion that 'the legality of a defendant's conduct would depend on his fortuitous choice of a gullible victim.'") (quoting *United States v. Benson*, 548 F.2d 42, 46 (2d Cir. 1977)).

33

Counts Two through Thirteen of the Indictment allege that, on or about the following

dates, within the Eastern District of New York, defendant Runner:

> together with others, did knowingly and intentionally devise a
> scheme and artifice to defraud, and to obtain money and property
> by means of materially false and fraudulent pretenses,
> representations and promises, and for the purpose of executing
> such scheme and artifice, did place and cause to be placed one or
> more matters and things in a post office and authorized depository
> for mail matter, to be sent and delivered by the United States
> Postal Service, and did deposit and cause to be deposited one or
> more matters and things to be sent and delivered by private and
> commercial interstate carrier, and did take and receive therefrom
> such matters and things.

The chart below lists the specific mail fraud counts against each defendant.

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| TWO | December 2013 | Payment from Victim B.S., sent by private interstate carrier to caging service in Deer Park, New York |
| THREE | January 2014 | Letter purporting to be from Psychic A, sent by United States mail to Victim I.W. in Farmingdale, New York |
| FOUR | February 2014 | Payment from Victim J.D,, sent by private interstate carrier to caging service in Deer Park, New York |
| FIVE | February 2014 | Payment from Victim W.G., sent by private interstate carrier to caging service in Deer Park, New York |
| SIX | March 2014 | Payment from Victim B.C., sent by private interstate carrier to caging service in Deer Park, New York |
| SEVEN | March 2014 | Letter purporting to be from Psychic A, sent by United States mail to Victim F.B. in Farmingdale, New York |
| EIGHT | April 2014 | Letter purporting to be from Psychic B, sent by United States mail to Victim B.D. in Arverne, New York |
| NINE | May 2014 | Payment from Victim K.A., sent by private interstate canier to caging service in Deer Park, New York |

34

| TEN | June 2014 | Payment from Victim M.Sm,, sent by private interstate carrier to caging service in Deer Park, New York |
| ELEVEN | August 2014 | Payment from Victim M.So., sent by private interstate carrier to caging service in Deer Park, New York |
| TWELVE | August 2014 | Payment from Victim S.W., sent by private interstate carrier to caging service in Deer Park, New York |
| THIRTEEN | October 2014 | Letter purporting to be from Psychic A, sent by United States mail to Victim K.E. in Calverton, New York |

Counts Fourteen through Seventeen allege wire fraud. The wire fraud statute is section 1343 of Title 18 of the United States Code. That statute states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

The wire fraud counts in the Indictment allege that, within the Eastern District of New York and elsewhere, defendant Patrice Runner:

> together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purposes of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds.

The chart below lists the specific wire fraud counts against each defendant.

| Count | Approximate Date | Description |
|---|---|---|
| FOURTEEN | April 14, 2014 | Wire transfer of $49,089.20 from payment processing company in Canada to caging service in Deer Park, New York |
| FIFTEEN | May 2, 2014 | Wire transfer of $31,473.99 from payment processing company in Canada |

35

| | | to caging service in Deer Park, New York |
|---|---|---|
| SIXTEEN | May 13, 2014 | Wire transfer of $41,027.86 from payment processing company in Canada to caging service in Deer Park, New York |
| SEVENTEEN | May 30, 2014 | Wire transfer of 533,344.66 from payment processing company in Canada to caging service in Deer Park, New York |

In order to sustain a mail or wire fraud charge for the defendant, the government must prove each of the following three elements beyond a reasonable doubt, as specified in the Indictment:

**First**, there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the Indictment;

**Second**, the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; ~~or that he knowingly and intentionally aided and abetted others in the scheme~~; and

> **Commented [EAF4]:** We do not accept – see comment on 18 USC 2 instruction below

**Third**, depending on which count you are considering, the defendant must have used the United States Postal Service, or a private or commercial interstate carrier (for mail fraud), or the interstate or foreign wires (for wire fraud) in execution of that scheme. For Counts Two through Thirteen, the mail fraud counts, the defendant must have used or caused the use of the U.S. Postal Service or a private or interstate commercial carrier. For Counts Fourteen through Seventeen, the wire fraud counts, the defendant must have used or caused the use of interstate or foreign wires.

36

### a.   First Element of Mail and Wire Fraud

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud victims of money or property by means of false or fraudulent pretenses, representations or promises.  "Fraud" is a general term which encompasses all the various means that can be used to ~~gain an advantage~~cheat ~~over~~ another by false representations, suggestions or hiding of the truth, or deliberate disregard for the truth.  Thus, a "scheme to defraud" is any plan to deprive another of money or property by trick, deceit, deception or swindle that is reasonably calculated to deceive persons of average prudence.

> **Commented [EAF5]:** We do not accept

The scheme to defraud in this case is alleged to have been carried out by making false and fraudulent statements and representations.  A statement is false if it was untrue when made and known at the time to be untrue by the person making it or causing it to be made.  A statement is fraudulent if it was falsely made with the intention to deceive ~~and cheat~~.  Deceitful statements of half-truths, the concealment of material facts, or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.  The failure to disclose information may be fraudulent if the defendant you are considering made incomplete or ambiguous statements, the defendant knew further disclosure was required to avoid being misleading, and the defendant failed to make such disclosure with the intent to defraud.

> **Commented [EAF6]:** We do not accept

The deception need not be premised upon spoken or written words alone.  The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent

person in relying upon the statement in making a decision, such as whether to send money in response to a mailing.

> **Commented [EAF7]:** We do not agree

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

A statement is material if the misinformation or omission would naturally tend to lead or is capable of leading a reasonable person to change his conduct. The materiality of statement is dependent upon whether the statement has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaker to which it was addressed. Moreover, fraud requires more than deceit. A person can dissemble about many things, but a lie can support a fraud conviction only if it is material, that is, if it would affect a reasonable person's evaluation of a proposal.

> **Commented [JD8]:** This is a direct quotation from the Court's opinion on the motion to dismiss.
>
> **Commented [EAF9R8]:** We do not agree to add – this is redundant of the two prior paragraphs

The misrepresentations and omissions which the government charges were made as part of the scheme to defraud are set forth in paragraphs 5 through 10 of the Indictment. It is not required that every misrepresentation and omission charged in the Indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. Mere puffery does not amount to a material misrepresentation. Puffery encompasses subjective claims about products, which cannot be proven either true or false, including exaggerations or overstatements that mention nothing specific, but rather amount to general claims of superiority expressed in in broad, vague, and commendatory language that are considered to be offered and understood as an expression of the seller's opinion only. Another form of puffery involves

38

~~Puffery is an~~ exaggerated, blustering, and boastful statements that are objective—and therefore technically provable—but upon which no reasonable buyer would be justified in relying.

> **Commented [JD10]:** This is an almost direct quotation from Judge Sack's recent summary of the law of puffery in the Second Circuit in *Internat'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 59-60 (2d Cir. 2022).
>
> **Commented [EAF11R10]:** Do not agree

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant himself originated the scheme to defraud.  Furthermore, it is not necessary that the government prove that defendant actually realized any gain from the scheme or that anyone actually suffered any loss. In this case, the government does contend that the recipients were defrauded and that the defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed. Also, a scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

Finally, not all acts of wrongdoing or dishonorable practices are schemes to defraud. You may not find the defendant's conduct constitutes a scheme to defraud merely because you conclude the conduct was improper, objectionable, or even despicable.

> **Commented [JD12]:** This is adapted from United States v. Connolly, 24 F.4th 821, 834 (2d Cir. 2022).
>
> **Commented [EAF13R12]:** Do not accept – the instructions as written give the law on what constitutes a scheme to defraud, and it's not necessary or helpful to state generally that other conduct is not a scheme to defraud
>
> **Commented [EAF14]:** Do not accept – unnecessary repetition

If you find that the government has sustained its burden of proof beyond a reasonable doubt that a scheme to defraud, as charged, did exist, you next should consider the second element.

**b.  Second Element of Mail and Wire Fraud**

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. The government must show beyond a reasonable doubt "that some actual harm or injury was contemplated by" the defendant, not just that the defendant intended to deceive the victim. Moreover, To establish fraudulent intent, the government must demonstrate some harm contemplated to the victim of the fraud that goes to the nature of the bargain itself. A defendant's use of false representations that do not go to the quality, adequacy, or price of goods does not constitute fraud.

Whether a person acted knowingly, and with intent to defraud is a question for you to determine. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. And, such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, including a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of mail and wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. Under the mail and wire fraud statutes, even false statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or

40

---

**Commented [JD15]:** Sand, Instruction 44-4; *United States v. Rivernider*, 828 F.3d 91 (2d Cir. 2016) ("A conviction for wire fraud requires that the defendant possess 'fraudulent intent,' which in turns requires proof that the 'defendant [ ] contemplate[ ] some actual harm or injury to the[ ] victims.'") (*quoting United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006)).

**Commented [EAF16R15]:** We do not agree – this is captured in the proceeding sentence – intent to deceive *for the purpose of causing some financial or property loss to another*

**Commented [JD17]:** *United States v. Burke*, 445 F. App'x 395, 396-97 (2d Cir. 2011) ("To establish fraudulent intent, the government must demonstrate some harm contemplated to the victim of the fraud *that goes to the nature of the bargain itself.*"); id. at 397 (language about quality, adequacy, and price)

**Commented [EAF18R17]:** We do not agree to add

deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. A defendant's honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be. An honest belief that all material information has been properly disclosed is a complete defense to fraud.

> **Commented [EAF19]:** Do not accept – redundant and confusing

Also, if you find that a fraudulent scheme existed, it is not a defense that the customer ~~fell prey to the fraudulent scheme because he or she~~ failed to act vigilantly. The crucial question is whether the government has proven beyond a reasonable doubt that the defendant was involved in a scheme to defraud where he made material false statements or failed to disclose material information—and did so ~~in order to~~ with the specific intent to harm victims. Whether or not a particular victim ~~acted foolishly~~ failed to act vigilantly is irrelevant.

> **Commented [EAF20]:** Do not agree with edits to this paragraph

However, you must find beyond a reasonable doubt that the defendant believed that the allegedly false statement or omission would be material to a reasonably prudent person. If the defendant made statements that he believed were immaterial or irrelevant – even if he knew them to be false – then that belief would negate the requisite intent to deprive the victim of property by making materially false statements.

> **Commented [JD21]:** Sand, Instruction 44-4; *United States v. Rossomando*, 144 F.3d 197, 198-203 (2d Cir. 1998).

As a practical matter, then, in order to sustain the charges against the defendant on this element, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he intentionally associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

> **Commented [EAF22R21]:** Do not accept – materiality has already been explained, and this is redundant and confusing

However, an intent to harm a party to a transaction cannot be found where the government's evidence merely indicates that the services contracted for were dishonestly completed. Nor does the government establish an intent to harm the buyer if the seller's deceit

41

did not go to an essential element of the bargain. Nor does the government establish an intent to harm if the buyers received the benefit of their bargain.  In other words, even if you conclude that the government has proven beyond a reasonable doubt that customers were deceived, that is not sufficient to find an intent to defraud. If, for example, you are persuaded beyond a reasonable doubt that the customers were deceived, but you nonetheless conclude that the customers received the benefit of their bargain, then the government has failed to sustain its burden of proof on this element. Similarly, the government does not establish an intent to defraud merely by showing that the defendant caused customers to enter into transactions they would otherwise avoid. For example, giving a false reason for being able to offer the bargain does not constitute an intent to defraud, because it does not attempt to deceive the prospective customer with respect to the bargain that is being offered. Furthermore, the government does not establish an intent to defraud if the customers received something of equal value in exchange for their money that met their reasonable expectations.

In other words, A schemer who tricks someone to enter into a transaction has not "schemed to defraud" so long as he does not intend to harm the person he intends to trick. And this is so even if the transaction would not have occurred but for the trick

To conclude on the second element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element—the existence of the scheme to defraud—but also this second element—that the defendant was a knowing participant and acted with specific intent

42

**Commented [JD23]:** This is all language lifted from the Court's opinion on the motion to dismiss

**Commented [EAF24R23]:** The government does not agree that this addition is necessary on top of the standard instructions on intent to defraud and materiality

**Commented [JD25]:** *nited States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987); *see United States v. Takhalov*, 2016 WL 3683456, at *3 (11th Cir. July 11, 2016) ("A schemer who tricks someone to enter into a transaction has not "schemed to defraud" so long as he does not intend to harm the person he intends to trick. And this is so even if the transaction would not have occurred but for the trick.");

**Commented [EAF26R25]:** Do not agree

to defraud—then you should consider the third element of the mail and wire fraud counts, which I am going to explain to you now.

   **c.  Third Element of Mail and Wire Fraud**

   For the mail fraud counts, Counts Two through Thirteen, the third and final element that the government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails as I have used it here includes material sent either through the United States Postal Service or a private or commercial interstate carrier.[10] The material sent need not contain a fraudulent representation or request for money. It must, however, further or assist in the carrying out of the scheme to defraud in some way. It is not necessary for the defendant to be directly or personally involved in the sending of the material, as long as the sending of the material was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

   With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailings were made on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment.

   For the wire fraud counts, Fourteen through Seventeen, the third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or foreign wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states or across a border with a foreign country. For example, a telephone

---

[10] This sentence is adapted from Modern Federal Jury Instructions, Instruction 44.01. *See also* the mail fraud jury charge given by the Honorable Katherine B. Forrest in United States v. Wedd, 1:15-CR-616 (AT), ECF Doc. No. 347-7, filed May 4, 2017 (same).

43

call between New York and Florida would qualify. A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. This element is satisfied if the defendant you are considering caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer of funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, then he causes the wires to be used. The government contends that it was reasonably foreseeable that the wires would be used in the ordinary course of the defendant's business, and therefore that the defendant caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular wire transmissions charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

44

**COUNT ONE – Conspiracy to Commit Mail Fraud[11]**

Count One of the Indictment charges the defendant with Conspiracy to Commit Mail

Fraud and Wire Fraud, and reads as follows:

> In or about and between January 1994 and November 2014, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendant PATRICE RUNNER,
> together with others, did knowingly and intentionally conspire to
> devise a scheme and artifice to defraud the Victims, and to obtain
> money and property from the Victims by means of materially false
> and fraudulent pretenses, representations and promises, and for the
> purpose of executing such scheme and artifice, to (a) place and
> cause to be placed one or more matters and things in a post office
> and authorized depository for mail matter, to be sent and delivered
> by the United States Postal Service, and to deposit and cause to be
> deposited one or more matters and things to be sent and delivered
> by private and commercial interstate carrier, and to take and
> receive therefrom one or more such matters and things, contrary to
> Title 18, United States Code, Section 1341, and (b) transmit and
> cause to be transmitted, by means of wire communication in
> interstate or foreign commerce, writings, signs, signals, pictures
> and sounds, contrary to Title 18, United States Code, Section 1343.

**Conspiracy is a Separate Crime**

The relevant statute on this subject is 18 U.S.C. § 1349.   It provides:

> Any person who ... conspires to commit any offense under this
> chapter shall be subject to the same penalties as those prescribed for
> the offense, the commission of which was the object of the ...
> conspiracy.

A conspiracy is a kind of criminal partnership, an agreement or understanding by two or

more persons to violate another law.   A conspiracy to commit a crime is an entirely separate and

different offense from the underlying crime a conspirator is charged with agreeing to commit.

That is because the existence of a conspiracy, or partnership for criminal purposes, is in and of

---

[11] This charge is adapted from the charge given by the Honorable Denis R. Hurley in United States v.
Shawn McFadden, 13-CR-284 (S-1) (DRH), ECF Doc. No. 242, filed Feb. 18, 2015.

45

itself a crime. The essence of the crime of conspiracy is the agreement or understanding among two or more persons that they will act together to violate the law.

Congress deemed it appropriate to make a conspiracy a separate crime even if the conspiracy did not succeed. Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is still punishable as a crime. Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals.

**Conspiracy to Commit Mail and Wire Fraud: Elements of the Offense**

In order to prove the crime of conspiracy to commit mail fraud and wire fraud, the government must establish the following three elements of the crime beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in the indictment;

Second, that the objective of the conspiracy was to commit the crime of mail fraud or wire fraud; and

Third, that the defendant knowingly and intentionally became a member of the conspiracy.

Let me discuss these three elements in more detail with you.

46

1.  First Element:   Existence of the Agreement

First, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the indictment. In other words, one cannot commit the crime of conspiracy alone. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

Now, the government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished. It is sufficient to show that the conspirators implicitly came to a mutual understanding to accomplish the unlawful objective charged in the indictment by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. But since a conspiracy is, by its very nature, often characterized by secrecy, direct proof may not be available. You may, therefore, infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved. You may, in determining whether an agreement existed here, consider the actions and statements of those you find to be conspirators as proof that a common design existed to act together for the accomplishment of the unlawful purpose alleged in the indictment.

47

2.  Second Element: Unlawful Acts

The second element that the government must prove beyond a reasonable doubt is that the objective of the conspiracy was to commit the specific unlawful act charged in the indictment – i.e., mail fraud and wire fraud.  I have previously defined the legal elements of mail fraud and wire fraud for you in connection with Counts Two through Seventeen, and those instructions apply here as well.  Hence, you must find that there was agreement to commit mail fraud as I have defined that offense for you.

<u>3.  Third Element: Membership in the Conspiracy</u>

If you find that a conspiracy existed, and that the objective of such conspiracy was the commission of mail fraud or wire fraud as charged in the indictment, the third element the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly and intentionally became a member of the charged conspiracy. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.  A person acts intentionally if he acted deliberately and purposefully.  That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

If you are satisfied that the conspiracy charged in the indictment existed, you must ask yourselves who the members of that conspiracy were. In deciding whether the defendant was a member of the conspiracy, you should consider whether <u>the government has proved beyond a reasonable doubt that </u>he knowingly and intentionally joined the conspiracy. Did the defendant participate in it with knowledge of its unlawful purpose and with the intention of furthering the objectives with which he is charged?

In order for the defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before the defendant can be found to have been a conspirator, you must find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the

49

> **Commented [EAF27]:** Do not accept – redundant of the first paragraph

defendant joined the conspiracy with an awareness of the aims and purposes of the unlawful agreement.

If you find that the defendant knowingly and intentionally joined a criminal conspiracy, the extent of the defendant's participation in that conspiracy has no bearing on the issue of guilt. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme. A conspirator need not have been fully informed as to all of the details or the scope of the conspiracy. He need not have been a member of the conspiracy for the entire time of its existence.

However, I want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit the crime. This is true even if the person knows that a crime is being committed. Mere innocent association, as for social and business purposes, or physical contact with conspirators, does not make a person a co-conspirator. Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law.

50

**COUNT EIGHTEEN – Conspiracy to Commit Money Laundering**

The defendant is charged in Count Eighteen with conspiracy to commit money laundering. The Indictment reads:

> In or about and between January 1994 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PATRICE RUNNER, together with others, did knowingly and intentionally conspire to: (a) transport, transmit and transfer funds from one or more places in the United States to and through one or more places outside the United States and to one or more places in the United States from and through one or more places outside the United States (i) with the intent to promote the carrying on of one or more specified unlawful activity, to wit: mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, and (ii) knowing that the funds involved in the transportation, transmission and transfer would represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer would be designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(i); and (b) engage and attempt to engage in monetary transactions in and affecting interstate and foreign commerce, including deposits, withdrawals and transfers of funds and monetary instruments, in criminally derived property that was of a value greater than $10,000 and that was derived from one or more specified unlawful activity, to wit: mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, contrary to Title 18, United States Code, Section 1957.

The relevant statute on this subject is 18 U.S.C. § 1956(h). It provides: "Any person who conspires to commit any [money laundering offense] shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

51

**The Elements of Conspiracy to Commit Money Laundering**

In order to satisfy its burden of proof, the government must establish each of the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful money laundering agreement charged in the indictment from in or about January 1994 to in or about November 2014;

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

I have previously explained those elements in explaining the charge of conspiracy to commit mail fraud and wire fraud. The same explanations apply to this conspiracy except that the crimes that the defendant is charged with conspiring to commit in Count Eighteen are money laundering offenses. I again remind you that the government need not prove that the defendant actually committed the offenses charged as the objects of the conspiracy in Count Eighteen. Rather, what the government must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit one or more of those money laundering offenses, and that the defendant knowingly and intentionally joined that conspiracy. I will now explain the elements of those offenses.

52

**Conspiracy To Commit Money Laundering – Transportation of Funds or Monetary Instruments to Promote Unlawful Activity[12]**

As described in the Indictment, the charge of conspiracy to commit money laundering alleges that there were three objects of the conspiracy.  The first crime that is alleged to be an object of the conspiracy to commit money laundering is the substantive offense of transporting funds or monetary instruments to or from the United States with the intent to promote unlawful activity in violation of Title 18, United States Code, section 1956(a)(2)(A).

Specifically, section 1956(a)(2)(A) provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or though a place outside the United States-
>
> (A) with the intent to promote the carrying out of specified unlawful activity
>
> [is guilty of a crime].

**Elements of the Offense**

In order to prove the crime of unlawful transportation of funds or monetary instruments with the intent to promote the carrying on of specified unlawful activity in violation of section 1956(a)(2)(A), the government must establish beyond a reasonable doubt each of the following elements:

---

53

[12] Adapted from Sand et al., Modern Federal Jury Instructions, Instructions 50A-11 through 50A-14.

First, that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

I will now explain those elements further.

First Element – Transportation of a Monetary Instrument or Funds to or from the United States

The first element of the money laundering offense that is the first object of the conspiracy is that the defendant transported a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper that can be converted into currency.

"Transportation" is not a word that requires a definition; it is a word that has its ordinary, everyday meaning. The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it. All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

54

To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States.

Second Element—Intent to Promote Unlawful Activity

The second element of the money laundering offense that is the first object of the conspiracy is that the defendant acted with intent to promote the carrying on of specified unlawful activity, namely mail fraud.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of mail fraud. If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of mail fraud, then the second element is satisfied.

55

**Conspiracy To Commit Money Laundering – Transportation of Monetary Instruments or Funds to Conceal Origin of Property[13]**

The second crime that is alleged in the Indictment to be an object of the conspiracy to commit money laundering is the substantive offense of transportation of funds or monetary instruments to conceal the origin of property.

Title 18, United States Code, section 1956(a)(2)(B) provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States-
>
> (B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation is designed in whole or in part—
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;…
>
> [is guilty of a crime].

**Elements of the Offense**

This offense has three elements:

First, that the defendant transported a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

---

[13] Adapted from Sand et al., Modern Federal Jury Instructions, Instructions 50A-15 through 50A-19.

Second, that the defendant did so with knowledge that the monetary instrument or funds involved represent the proceeds of some form of unlawful activity.

Third, that the defendant did so with knowledge that the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of money laundering.

The first two element is the same as the first element of transportation of funds or monetary instruments to promote unlawful activity.  I will now explain the second and third elements further.

Second Element—Knowledge That Property Involved Was the Proceeds of Unlawful Activity

The second element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented the proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. I instruct you as a matter of law that mail fraud is a felony.  The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Without the existence of these types of proceeds there can be no conspiracy to launder money and you must acquit the Defendant.

> **Commented [EAF28]:** Do not accept – the instruction is clear without this addition

Third Element—Knowledge of the Unlawful Purpose of the Transportation

The third element that the government must prove beyond a reasonable doubt is that the defendant transported the property involved in the transaction with knowledge that the

transportation was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of mail fraud.

Proof only that the funds were concealed is not sufficient to satisfy this element. Instead, the government must prove that the purpose of the transportation was to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the defendant knew that this was the purpose of the transportation.

58

**Conspiracy To Commit Money Laundering – Criminally Derived Property[14]**

The third crime that is alleged to be an object of the conspiracy to commit money laundering is the substantive offense of engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, section 1957.

Section 1957 of Title 18, United States Code, makes it a crime to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000. Specifically, section 1957 provides:

> Whoever … knowingly engages or attempts to engage in a
> monetary transaction in criminally derived property that is of a
> value greater than $10,000 and is derived from specified unlawful
> activity [and does so] in the United States [commits a crime].

**Elements of the Offense**

In order to prove the crime of engaging in monetary transactions in property derived from specified unlawful activity in violation of section 1957, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant engaged in a monetary transaction in or affecting interstate commerce.

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

---

59

[14] Adapted from Sand et al., Modern Federal Jury Instructions, Instructions 50A-26 through 50A-31.

Third, that the property was derived from specified unlawful activity.

Fourth, that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

Fifth, that the transaction took place in the United States.

First Element—Engaging in a Monetary Transaction

The first element that the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that Bank was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

60

<u>Second Element—Transaction Involved Criminally Derived Property</u>

The second element that the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

<u>Third Element—Property Derived From Specified Unlawful Activity</u>

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity. Without the existence of these types of proceeds there can be no conspiracy to launder money and you must acquit the Defendant.

> **Commented [EAF29]:** Do not accept - the instruction is clear without this addition

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you as a matter of law that mail fraud is a criminal offense under federal law.

<u>Fourth Element—Knowledge</u>

61

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above. I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

Fifth Element—Transaction Took Place in the United States

The fifth element that the government must prove beyond a reasonable doubt is that the transaction took place in the United States.

62

**Aiding and Abetting (COUNTS TWO through SEVENTEEN)[15]**

Counts Two through Seventeen of the Indictment also charge a violation of section 2 of Title 18 of the United States Code, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." This means that even if a defendant did not personally commit a crime, he can still be held criminally responsible for a crime if he intentionally helped, encouraged, or commanded someone else to commit that crime.

To find the defendant guilty as an aider and abettor, you must be convinced that the government has proved the following two elements beyond a reasonable doubt:

**First**: someone else committed the charged crime, and

**Second**: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and either acted or failed to act with the intent to help the other person commit the underlying criminal act. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

63

---

[15] This charge is adapted from the charge given by the Honorable Joan M. Azrack in <u>United States v. Edward Weaver</u>, 13-CR-120 (JMA), ECF Doc. No. 318, filed Nov. 4, 2015.

> **Commented [JD30]:** If the evidence presented at trial does not warrant this instruction, defense counsel will seek to delete this instruction at the time of the charge conference

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

If, on the other hand, your answer to any one of these questions is "no," then that defendant is not an aider and abettor, and he is not responsible for the acts of another.

64

**Liability for Acts of Co-Conspirators (Pinkerton Instruction)[16]**

I already explained to you how the defendant can be liable for aiding and abetting a crime. There is also another method by which you may evaluate the possible guilt of the defendant for the mail fraud and wire fraud counts, even if you do not find that the government has satisfied its burden of proof with respect to each element of those crimes. Again, Counts Two through Thirteen allege mail fraud and Counts Fourteen through Seventeen allege wire fraud.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant is guilty of the conspiracy charged in Count One, then you may also, but you are not required to, find him guilty of a mail fraud or wire fraud count that he is charged with, provided you find, beyond a reasonable doubt, each of the following five elements:

**First**, that the crime charged in the particular substantive fraud count you are considering was committed;

**Second**, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

**Third**, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

**Fourth**, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

**Fifth**, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find a defendant guilty of the specific mail fraud or wire fraud count you are considering, even if

---

65

[16] This charge is adapted from the charge given by the Honorable Joan M. Azrack in United States v. Edward Weaver, 13-CR-120 (JMA), ECF Doc. No. 318, filed Nov. 4, 2015.

he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators can be held criminally responsible for the commission of the crimes committed by its members.

If, however, you are not satisfied, beyond a reasonable doubt, as to the existence of any of these five elements, then you may not find the defendant guilty of the specific mail fraud or wire fraud count you are considering, unless the government proves, beyond a reasonable doubt, that the defendant ~~either~~ personally committed ~~or aided and abetted~~ the commission of that crime.

**Commented [EAF31]:** Do not accept

## Conscious Avoidance[17]

> **Commented [JD32]:** If the evidence presented at trial does not warrant this instruction, defense counsel will seek to delete this instruction at the time of the charge conference.

As I explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that a defendant had knowledge of a fact when the evidence shows he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to the counts charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to a fact that would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find that the defendant deliberately acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that a defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating a defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain what the concept of willful blindness or conscious avoidance means with respect to the substantive mail fraud and wire fraud charges– Counts Two through Seventeen –

67

---

[17] This charge is adapted from the charge given by the Honorable Katherine B. Forrest in United States v. Wedd, 1:15-CR-616 (AT), ECF Doc. No. 347-7, filed May 4, 2017.

and then I will explain what it means with respect to the conspiracy charge – Count One in the Indictment.

With respect to the substantive counts (the mail fraud alleged in Counts Two through Thirteen and the wire fraud alleged in Counts Fourteen through Seventeen), in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the defendant you are considering knew there was a high probability of a fact in dispute, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that the fact did not exist.

However, with respect to the conspiracy count – Count One – there is a difference between knowingly participating in the conspiracy and knowing the object or objects of the conspiracy. "Conscious avoidance," as I have described it, cannot be used as a basis for finding that a defendant knowingly joined the conspiracy. It is logically impossible for a defendant to join a conspiracy unless he knows that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant you are considering chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, which was to break the law as alleged.

That is, if you find beyond a reasonable doubt that the defendant you are considering knew that there was a high probability that his co-conspirators intended to break the law, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you

68

find that the defendant actually believed that he and his co-conspirators were acting in a lawful

manner.

69

### Venue[18]

In addition to the elements I have described for you, you must decide whether any act in furtherance of the crimes charged in Counts One through Eighteen occurred within the Eastern District of New York.  The Eastern District of New York includes Brooklyn, Queens, Nassau County, Suffolk County and Staten Island.

In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

I should note that on this issue—and this issue alone—the Government need not prove beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the criminal act occurred in this District.

If you find that the Government has failed to prove this venue requirement for any count you are considering, then you must acquit the defendant of that charge.

> **Commented [JD33]:** I would like the court to instruct that venue must be proven beyond a resaonable doubt under In Re Winship.e

> **Commented [EAF34R33]:** Do not accept - "[A]lthough venue is grounded in the Sixth Amendment, it is not an element of the crime and the government need only establish venue by a preponderance of the evidence." United States v. Magassouba, 619 F.3d 202, 204 (2d Cir. 2010); citing United States v. Smith, 198 F.3d 377, 384 (2d Cir.1999).

---

70

[18] This proposed charge is adapted from the charge given by the Honorable Joan M. Azrack in the Transcript of United States v. Frank Parasmo, 19-CR-1 (JMA) (Oct. 6, 2021).

**PART III: RULES REGARDING DELIBERATIONS[19]**

Finally, a few closing remarks.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

I instruct you that the decision you reach as to each element for each charge in the indictment must be unanimous; that is, all 12 of you must agree on every element in every count. I also instruct you to consider each count of the indictment in which the defendant is charged separately.  For example, you may find the defendant guilty of one count and not guilty of another, or you may find him guilty of all counts or not guilty of any.  But again, the verdict on each element and each count must be unanimous.

When you retire, it is your duty to discuss the case for the purpose of reaching a verdict.

Each of you must decide the case for yourself, but should only do so after considering all the evidence, listening to the views of your fellow jurors, and discussing it fully.  It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.  Opening statements, closing arguments, or

71

---

[19] This proposed charge is adapted from the charge given by the Honorable Joan M. Azrack in the Transcript of United States v. Frank Parasmo, 19-CR-1 (JMA) (Oct. 6, 2021).

other statements or arguments of counsel are not evidence. If your recollection of the facts differs from the way counsel has stated the facts to be, then your recollection controls.

And, finally, bear in mind that the government has the burden of proof and that you must be convinced of the defendants' guilt beyond a reasonable doubt to return a guilty verdict.  If you find that this burden has not been met, you must return a verdict of not guilty.

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Under your oath as jurors you are not to be swayed by sympathy for one side or the other. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of

proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to the court security officer during your deliberations, but of course his or her vote is entitled to no greater weight than any other juror.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom and during your deliberations the court reporter will provide any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who took notes. You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations.  Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes.  Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter to read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.

If it becomes necessary during your deliberations to communicate with me, you may send a note, through the court security officer, signed by your foreperson or by one or more members

73

of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court. If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone - not even to me - how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendants, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request. If you want any of the testimony read, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want. If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.

I have prepared a verdict sheet, which will be given to you.  The verdict sheet is given to you to record your verdict after you have reached a verdict as to all counts in the indictment.

When you have reached a decision, have the foreperson sign the verdict form with his or her juror number and put the date on it - and notify the Marshal by note that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty - and that is - without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions. Thank you for your close and careful attention. Members of the jury, you will now retire to deliberate after I swear in the Marshal. I do ask that, as your first order of business, you elect a foreperson and send me a note, dated and timed, identifying that foreperson to the court.

75